Thomas D. Walk (5555)
Taylor P. Kordsiemon (17257)
**KIRTON McCONKIE**
50 East South Temple, #400
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
twalk@kmclaw.com
tkordsiemon@kmclaw.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHIL LEONARD, an Individual and d/b/a MPL Transportation,<br><br>      Plaintiff,<br><br>v.<br><br>KAUFMAN TRAILERS OF N.C., INC., a North Carolina corporation, KAUFMAN TRAILERS OF NE, INC., a North Carolina corporation, and KAUFMAN TRAILERS PARTS & SERVICE INC., a North Carolina corporation,<br><br>      Defendants. | **MOTION TO DISMISS**<br><br>Case No. 1:21-cv-00019-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Kaufman Trailers of N.C., Inc.; Kaufman Trailers of NE, Inc., and Kaufman Trailers Parts & Service Inc. (collectively, "Kaufman") hereby move to dismiss Plaintiff's First Amended Complaint.

## RELIEF SOUGHT AND GROUNDS FOR RELIEF

Kaufman moves for dismissal of Plaintiff's First Amended Complaint (the "Complaint") because Kaufman is not subject to personal jurisdiction in Utah. Plaintiff brings multiple claims relating to his purchase of an allegedly defective trailer from Kaufman. Assuming the facts in the Complaint are true, Plaintiff has not alleged facts demonstrating that Kaufman has minimum contacts with Utah such that it would be subject to personal jurisdiction for Plaintiff's claims. Kaufman is incorporated in North Carolina and has its principal place of business in North Carolina. The allegedly defective trailer at issue in this matter was shipped to Nebraska, where Plaintiff picked it up. The only connection to Utah present in this case is Plaintiff's own residency. But due process requires that personal jurisdiction be based on a *defendant's* connections to the forum state, not the plaintiff's. Therefore, this Court should dismiss the Complaint for lack of personal jurisdiction.

## STATEMENT OF RELEVANT FACTS[1]

1. Plaintiff Phil Leonard d/b/a MPL Transportation is a resident of Davis County, Utah. *See* Complaint ¶ 1.

2. Kaufman Trailers of N.C., Inc.; Kaufman Trailers of NE, Inc.; and Kaufman Trailers Parts & Service Inc. are North Carolina corporations headquartered in Davidson County, North Carolina. *Id.* ¶ 2.

3. Kaufman is in the business of manufacturing and selling trailers and trailer parts. *Id.* ¶ 5.

---

[1] "In ascertaining the facts necessary to establish jurisdiction, the district court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by defendant's affidavits." *Ten Mile Indus. Park v. Western Plaints Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987). "However, only the well pled facts of [a] plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Id.* Therefore, for purposes of this motion only and unless otherwise noted, Kaufman accepts Plaintiff's characterization of well-pled facts and recites them here accordingly.

4. Kaufman maintains a business website (www.kaufmantrailers.com) providing information for the products it sells and states that Kaufman can deliver anywhere in the continental United States. *Id.* ¶ 6.

5. Kaufman's website includes a webpage labeled "Areas We Serve" that lists Utah along with the other 47 contiguous American states. *Id.* ¶ 7.

6. In spring 2019, Plaintiff placed a purchase order for a trailer with Kaufman.[2] *Id.* ¶ 10.

7. Plaintiff did not order that the trailer be delivered to Utah, electing instead to personally pick up the trailer from a Kaufman location in Nebraska. *Id.* ¶ 11.

8. When Plaintiff picked up the trailer, a Kaufman employee replaced the trailer's hitch after informing Plaintiff that the hitch was incompatible with Plaintiff's truck. *Id.* ¶ 13.

9. When he replaced the trailer hitch, the Kaufman employee failed to include a bottom clamp and provided a rusted attachment. *Id.*

10. As Plaintiff drove to Salt Lake City, Utah on April 18, 2019, the defective trailer hitch installed by the Kaufman employee caused the trailer to disconnect from Plaintiff's truck as Plaintiff drove at freeway speeds, causing damage to cargo vehicles, Plaintiff's truck, and the trailer itself. *Id.* ¶¶ 14–15.

11. The Complaint does not specify where the afore-mentioned accident took place, only that Plaintiff was en route to Salt Lake City, Utah. *See id.* ¶ 14.

## ARGUMENT

Personal jurisdiction means the power to subject a particular defendant to the decisions of the court. "A court may take personal jurisdiction of a nonresident defendant if the requirements

---

[2] The Complaint states that Plaintiff "placed an online order through Kaufman's website for a trailer," but that is not accurate. Kaufman's website does not allow orders to be placed online, but merely provides a phone number for Kaufman's sales department through whom all orders must be placed. *See* Affidavit of Chad Blackmon ¶ 4, attached as Exhibit 1.

of due process and the state's long-arm statute are met." *Doe v. National Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992).  However, "Utah's long-arm statute is coextensive with the constitutional limitations imposed by the federal Due Process Clause." *Keaty LLC v. Blueprint Summer Programs Inc.*, 2020 UT App 9, ¶ 10, 457 P.3d 432, *accord* Utah Code Ann. § 78B-3-205.  Therefore, "[t]he two-step analysis . . . collapses . . . into a single due-process inquiry." *See XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020) (cleaned up).

There are two categories of personal jurisdiction: general and specific.  "General jurisdiction gives a court authority over a defendant without regard to the subject of the claim[s] asserted as long as the defendant has engaged in substantial and continuous local activity in the forum state." *Diesel Power Source, L.L.C. v. Crazy Carl's Turbos Inc.*, No. 2:14-CV-00826-DN, 2015 WL 1034231, *4 (D. Utah March 10, 2015) (cleaned up).  "In contrast, specific jurisdiction is limited to the claims arising out of the particular activities of the defendant in the forum state." *Id.* (cleaned up).  Here, the facts demonstrate that Kaufman is not subject to general nor specific jurisdiction in Utah.

### I.   KAUFMAN IS NOT SUBJECT TO GENERAL JURISDICTION IN UTAH.

A party is subject to general personal jurisdiction when its affiliations with the forum state "indicate[] general submission to a State's powers." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011).  "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction," *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (cleaned up), because they evidence "an intention to benefit from and thus an intention to submit to the laws of the forum state," *Nicastro*, 564 U.S. at 881.  Functionally, a court can exercise general jurisdiction over a corporation where "that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler*, 571

U.S. at 138–39 (cleaned up). "By contrast, those who . . . operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *Nicastro*, 564 U.S. at 881.

The facts as alleged in the Complaint do not demonstrate that Kaufman is subject to general jurisdiction in Utah. The Kaufman entities are incorporated in North Carolina and have their principal places of business in North Carolina. *See* Complaint ¶ 2. The Complaint alleges that Kaufman is willing to deliver trailers to Utah and that Utah is included among Kaufman's "Areas We Serve," *id.* ¶¶ 6–7, but such activities are not "so continuous and systematic as to render it essentially at home" in Utah, *see Daimler*, 571 U.S. at 139. Kaufman cannot be considered "at home" in Utah merely because it is willing to conduct some unspecified level of business within the state. *See id.* at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them.").

Accordingly, Kaufman is not subject to general jurisdiction in Utah.

## II.     KAUFMAN IS NOT SUBJECT TO SPECIFIC JURISDICTION IN UTAH.

Specific personal jurisdiction gives a court power over a defendant only with respect to claims arising out of the particular activities of the defendant in the forum state. A court may exercise specific jurisdiction over a party only when the party has minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation. *Calder v. Jones*, 465 U.S. 783, 788 (1984). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Importantly, to assert specific jurisdiction, a plaintiff must demonstrate not only the connection between the defendant and the forum, but also the connection between the forum and the claims at issue. *Bristol-Myers Squibb Co. v. Superior Court. of Cal.*, 137 S. Ct. 1773, 1781 (2017). Therefore, the existence of specific jurisdiction relating to a single claim does not automatically establish specific jurisdiction for all claims listed in a complaint. Rather, "when a plaintiff relies on specific jurisdiction, he must establish that jurisdiction is proper for each claim asserted against a defendant." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015); *see also International Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 211 n.73 (5th Cir. 2016) ("The plaintiff has the burden of demonstrating specific jurisdiction for each claim asserted against the nonresident defendant."). Here, Plaintiff has not demonstrated facts that would support a finding of specific jurisdiction for any of the claims alleged in the Complaint.

   a. **Contracting with a Utah resident, without more, does not support a finding of specific jurisdiction.**

It appears that the primary connection to Utah in this matter is based on Plaintiff's residency rather than any of Kaufman's actions, but that is insufficient to support specific jurisdiction. To satisfy the minimum contacts requirement, a party must have "purposefully directed" its activities at residents of the forum state. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008). "[R]andom, fortuitous, or attenuated contacts" do not satisfy the purposeful availment requirement. *Id.* (quoting *Burger King*, 471 U.S. 462, 475 (1985)); *see also Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1230 (10th Cir. 2020) (concluding that sale of a single piece of equipment that never physically passed through the forum state to be "attenuated" for purposeful availment purposes).

"An individual's contract with an out-of-state party cannot, standing alone, establish sufficient minimum contacts with the forum state." *TH Agriculture & Nutrition, LLC v. Ace*

*European Group Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007). Rather, to be subject to specific jurisdiction, a party must "reach out beyond one state and create continuing relationships and obligations with citizens of another state." *Id.* at 1287–88 (cleaned up). "To determine whether a nonresident defendant has purposefully established minimum contacts with the forum state by contracting with another party," courts must "examine prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Id.* at 1288 (cleaned up). "That is, the contract relied upon to establish minimum contacts must have a substantial connection with the forum state." *Id.* (cleaned up).

No such "substantial connection" to Utah exists with regards to the contract for sale of the trailer at issue here. The "mere likelihood" that the trailer would end up in Utah is not sufficient to establish specific jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In *World-Wide Volkswagen*, the Supreme Court held that the mere foreseeability of the defendant's product causing injury in the forum state was insufficient to support specific jurisdiction. *Id.* Instead, the Court reasoned that the plaintiff must show that the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.*

Further, isolated sales across state lines are insufficient to establish minimum contacts. *See J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 888 (2011); *Dental Dynamics*, 946 F.3d at 1230. In *Dental Dynamics*, the plaintiff and defendant engaged in three isolated business transactions "concern[ing] the isolated sale or prospective sale of a piece of dental equipment without any long-term or continuing obligations involving [the forum state of] Oklahoma." *Dental Dynamics*, 946 F.3d at 1230. The Tenth Circuit held that those isolated sales were insufficient to

demonstrate that the defendant took purposeful direction toward the forum state such that it could be subject to specific jurisdiction. *Id.*

Similarly, here, the contractual relationship between the parties is limited to a single sale of a trailer without any long-term or continuing obligations involving Utah. A one-off contract for the sale of a trailer with a Utah resident does not demonstrate a "substantial relationship" to Utah such that Kaufman could anticipate being haled into court here.

### b. Plaintiff has not demonstrated that Kaufman took purposeful direction toward Utah.

Specific jurisdiction must be supported by a "*defendant's* suit-related conduct" that created "a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Related to his claims, Plaintiff alleges only two actions taken by Kaufman that in any way relate to Utah, both of which relate to Kaufman's website.

Kaufman states on its website that it will deliver "anywhere" in the continental United States, naturally including Utah. Mere willingness to deliver to the forum state cannot possibly be sufficient to support personal jurisdiction, however, or else it would effectively subject nationwide corporations to general jurisdiction in any place where they conduct any business. And the Supreme Court has explicitly said that such is not permissible. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014). Further, Kaufman's willingness to deliver to Utah has no actual relation to any of the claims at issue because Kaufman *did not actually deliver the trailer to Utah*. Rather, Plaintiff purchased and took possession of the trailer in Nebraska. *See* Complaint ¶ 11.

Kaufman also lists Utah on its website as being among the "Areas We Serve." But that allegation is similarly faulty. Willingness to "serve" Utah, without more, cannot be sufficient to support personal jurisdiction. And again, Kaufman did not actually "serve" Utah here because the Plaintiff picked up the trailer in Nebraska.

The only other plausible connection to Utah is based on Plaintiff's allegation that he "placed an online order through Kaufman's website" for the trailer. *See id.* ¶ 10. However, that is insufficient to support specific jurisdiction for multiple reasons. First, Plaintiff never alleges that he placed the online order while he was in Utah, making such a connection a matter of pure speculation. The mere fact that the Plaintiff is a citizen of Utah is insufficient to demonstrate minimum contacts. *See Walden*, 571 U.S. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum."). Second, even if he did place the order from Utah, a one-off contract for sale is insufficient to support specific jurisdiction. *See Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1230 (10th Cir. 2020). Third, this allegation is false insofar as Kaufman's website does not allow orders to be placed online, but merely provides a phone number for Kaufman's sales department through whom all orders must be placed. *See* Exhibit 1, Blackmon Aff. ¶ 4.

Furthermore, the Tenth Circuit has cautioned against applying a blanket rule that "a person's act of placing information on the Internet subjects that person to personal jurisdiction in each State in which the information is accessed." *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011) (cleaned up); *see also Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 912 (10th Cir. 2017) (concluding that defendant's website merely sought out business generally "in the world" rather than the forum state specifically); *Alphagen Biotech v. Langoost Enterprises, LLC*, No. 2:13-CV-15 TS, 2013 WL 2389792, at *4 (D. Utah May 30, 2013) (finding no targeting of Utah via defendant's website because it did not offer "special deals or offers made specifically to Utah residents"); *Bensusan Restaurant Corp. v. King*, 937 F. Supp. 295 (S.D.N.Y. 1996) (refusing to exercise jurisdiction on basis on a non-interactive website that provided event and ticket information but required users to call in order to purchase a ticket). Moreover, in this case, it was

*Plaintiff* who initiated contact with Kaufman, not Kaufman who "reached out" into Utah. *See Burger King*, 471 U.S. 462, 479 (1985); *see also Larada Scis., Inc. v. Skinner*, 147 F. Supp. 3d 1336, 1346 (D. Utah 2015) ("[C]ontact initiated and business solicited by a plaintiff, rather than a non-resident defendant, cannot provide a sufficient basis on which to conclude that the defendant purposefully availed itself of a particular forum.").

Accordingly, there is no basis for an exercise of specific jurisdiction over Kaufman because Kaufman's suit-related conduct has no relation to Utah.

## CONCLUSION

For the above-stated reasons, the Court should dismiss each of Plaintiff's claims against Kaufman.

DATED this 22 day of July, 2021.

**KIRTON McCONKIE**

/s/ *Taylor P. Kordsiemon*
Thomas D. Walk
Taylor P. Kordsiemon
*Attorneys for Defendant*

# Exhibit 1

Thomas D. Walk (5555)
Taylor P. Kordsiemon (17257)
**KIRTON McCONKIE**
50 East South Temple, #400
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
twalk@kmclaw.com
tkordsiemon@kmclaw.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PHIL LEONARD, an Individual and d/b/a MPL Transportation,<br><br>Plaintiff,<br><br>v.<br><br>KAUFMAN TRAILERS OF N.C., INC., a North Carolina corporation, KAUFMAN TRAILERS OF NE, INC., a North Carolina corporation, and KAUFMAN TRAILERS PARTS & SERVICE INC., a North Carolina corporation,<br><br>Defendants. | **AFFIDAVIT OF CHAD BLACKMON**<br><br>Case No. 1:21-cv-00019-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Chad Blackmon, declares as follows:

1. I am over the age of eighteen and have personal knowledge of the following.

2. I am employed by Kaufman Trailers of N.C., Inc. ("Kaufman") as a sales manager. I have held that position for nine years.

3. In that capacity, I am familiar with Kaufman's business practices and the functionality of its website, www.kaufmantrailers.com.

4. Kaufman does not allow orders for trailers to be placed online through its website. The website does not present users with an option to order a trailer online, nor does the website have the ability to receive or process online orders.

5. To the best of my knowledge, Kaufman has never accepted orders for trailers through its website.

6. Rather than accept orders directly, Kaufman's website instead provides a telephone number for Kaufman's sales department who will answer questions and take orders from interested customers.

7. Having reviewed the records relevant to the sale of the trailer at issue in the present case, I can confirm that the order was placed in accordance with Kaufman's usual business practices. The order was not placed through Kaufman's website.

I declare under criminal penalty under the law of Utah that the foregoing is true and correct.

DATED this 22nd day of July, 2021, in Davidson County, North Carolina.

_____
Chad Blackmon